UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>VICENTE PONCE,<br><br>        Defendant. | No. 1:14-cr-80 WBS<br><br><br>ORDER |

----oo0oo----

Defendant has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  (Docket No. 56.)[1]

The court recognizes that defendant has a history of smoking tobacco, obesity, and asthma.  He also claims to suffer from hypertension, which has never been diagnosed.  The court also recognizes that he is housed at USP Atwater, which has had numerous inmates test positive for the coronavirus. Nevertheless, defendant is only 44, and it appears that the

---

[1] Defendant represents, and the government agrees, that he has exhausted his administrative remedies.

1

Bureau of Prisons has been able to sufficiently care for his general health, including his claimed medical conditions, notwithstanding his allegations to the contrary.[2]  Furthermore, the defendant has made no showing that he would receive any better care outside of the Bureau of Prisons or that he would be better able to get a COVID-19 vaccination while outside of federal custody than he would be while in prison.

        Overall, defendant has not shown that his medical conditions, along with the COVID-19 pandemic, qualify as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.  See, e.g., United States v. Williams, No. 2:13-cr-383 TLN, 2020 WL 3402439, *2 (E.D. Cal. June 19, 2020) (defendant's confinement at FCI Lompoc and diagnosis of hypertension along with other medical history and prevalence of COVID-19, was insufficient to show extraordinary circumstances under 18 U.S.C. § 3582(c)(1)(A)).

        IT IS THEREFORE ORDERED that defendant's motion for compassionate release (Docket No. 56), be, and the same hereby is, DENIED.

Dated:  January 20, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[2] Defendant complains that although he had previously been given an inhaler for his asthma, his treating doctor at Atwater has not seen fit to prescribe an inhaler for him. The court does not see that as extraordinary.  Not all asthma patients require inhalers, and while defendant's medical records do indicate a past diagnosis of asthma, they also indicate that condition resolved.  Likewise, the court does not find the fact that defendant has not been prescribed medication for hypertension to be extraordinary since he has not been diagnosed with that condition.